DODGE (GOOD v.). See Case No. 5,531.

DODGE (HARRIMAN v.). See Case No. 6,-104a.

DODGE (HOLMES v.). See Case No. 6,637.

DODGE v. The ILLINOIS. See Case No. 7,-002.

## Case No. 3,952.

### DODGE v. ISRAEL.

[4 Wash. C. C. 323.][1]

Circuit Court, E. D. Pennsylvania. Oct., 1822.

OBJECTIONS TO DEPOSITIONS — NOTICE — UNANSWERED INTERROGATORIES—EXHIBITS.

1. If the general interrogatory under a commission to take testimony be not answered, it is a fatal objection to the whole deposition. All the interrogatories must be substantially answered.

2. Quaere, if it be not an objection to a deposition that it was committed to writing by the witness before he was sworn? And whether exhibits referred to in a deposition ought not to be annexed by the commissioners to the deposition, or so designated by them as to leave no reasonable doubt of their identity.

3. If reasonable notice to the adverse party of formal objections to a deposition be not given, the court may be induced to set aside a verdict or non-suit, rendered in consequence of this objection, without costs.

Upon the trial of this cause, the defendant made the following objections to the execution of a commission issued to Hayti: 1. That it appeared, from the deposition taken under this commission, and from the certificate of the persons to whom it was directed, that the deposition of the witness was not com-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the United States, under the supervision of Richard Peters, Jr., Esq.]

mitted to writing by him under the sanction of an oath, but was written and signed by him many days before the oath was administered. 2. That the general interrogatory is not answered at all, or even noticed. 3. That the exhibits which accompanied the deposition under the same envelope which covered the commission, were not annexed to the deposition, or identified by any marks or reference, to show that they were the very exhibits referred to by the witness in his deposition.

Meredith & Hopkinson, for plaintiff.
C. J. Ingersoll, for defendant.

WASHINGTON, Circuit Justice, delivered the opinion of the court.

The second objection is fatal to the whole of the deposition, and has been so decided in this court, more than once. The witness must answer substantially all the interrogatories, as it is otherwise impossible to say that he has told the whole truth. There seems also to be great weight in the other two objections. As to the first, although it may be fair, and indeed proper, to give the witness an opportunity to prepare himself to answer the interrogatories, after having examined them, it might be of dangerous consequence, by being a temptation to perjury, to receive his written answers to those interrogatories, given without the solemnity of an oath previously administered to him; as he might possibly be seduced, by false notions, to attest by his oath the truth of what he had deliberately stated in writing to be true.

There are very strong reasons also in support of the last objection. For although the exhibits come in the same envelope with the commission, they should appear, beyond all reasonable doubt, to be the very papers referred to by the witness.

The plaintiff agreed to suffer a non-suit, and then obtained a rule to show cause why it should not be set aside.

BY THE COURT. As this non-suit was suffered in consequence of objections taken to the formal execution of the commission, of which the plaintiff's counsel had no notice until he was surprised by them at the trial, the court think it but fair to take off the non-suit. Had timely notice been given of these objections, the plaintiff might possibly have had time to remove them by sending another commission, and having it returned to this term. But as the defendant's counsel was not required by the practice of the court to give such notice, the non-suit must be taken off upon payment of the costs to this time. In future, the want of such notice will have weight with the court in cases where applications are made to take off non-suits, and to grant new trials upon the ground of surprise, without the payment of costs.